IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSCAR HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-267-W |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Oscar Hernandez sought benefits in the Social Security Administration based on a disability.[1] The agency denied benefits,[2] and Mr. Hernandez has appealed. The Court should affirm.

### Standard of Review

The Court's review entails only a determination of whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard.[3] Evidence is substantial if it is greater than a scintilla.[4] If the administrative decision lacks

---

[1] Administrative Record at pp. 99-104 (certified July 8, 2011) ("Record").

[2] Record at pp. 1-3, 9-18, 52-53.

[3] *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991).

[4] *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).

substantial evidence or is based on an incorrect legal standard, reversal is necessary.[5] However, a court may not reweigh the evidence or substitute its judgment for that of the Social Security Administration.[6]

Resolution of a Potential Conflict Between the
<u>Vocational Testimony and Dictionary of Occupational Titles</u>

Mr. Hernandez's appeal centers on the deafness in his left ear.[7] This condition led the administrative law judge to find that Mr. Hernandez could only verbally communicate in a work environment that was "quiet."[8] With this restriction, the administrative law judge called upon a vocational expert to address Mr. Hernandez's ability to perform jobs with his physical condition and an ability to verbally communicate only when the workplace was quiet.[9] The vocational expert identified three jobs that Mr. Hernandez could perform: Assembler, machine tender operator, and bench and table laborer.[10] With this testimony, the administrative law judge denied benefits.[11]

---

[5]     *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

[6]     *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

[7]     *See* Record at p. 11 (the administrative law judge's finding of "lifelong deafness in left ear").

[8]     *See* Record at p. 16 ("The Administrative Law Judge . . . finds that the claimant's deafness limits him to communicating in quiet (library type) environments.").

[9]     *See* Record at pp. 43-49.

[10]     *See* Record at pp. 26-28.

[11]     *See* Record at p. 17 (finding no disability based on the vocational expert's testimony).

Mr. Hernandez contends that the administrative law judge should have gone further to resolve discrepancies between the vocational testimony and the Dictionary of Occupational Titles with respect to the restriction on verbal communication. According to the Plaintiff, the vocational expert relied on jobs that were not "quiet."

Resolution of the claim turns on the scope of the administrative law judge's duties regarding discrepancies between vocational testimony and the Dictionary of Occupational Titles. There are two such duties. The first is to ask the vocational expert about potential discrepancies between his testimony and the Dictionary of Occupational Titles.[12] The second arises when there are "apparent" conflicts between the two. In this situation, the administrative law judge must obtain a reasonable explanation for the discrepancy.[13]

The Plaintiff expressly disavows any claim predicated on the first duty — inquiry about potential discrepancies between the vocational testimony and the Dictionary of Occupational Titles.[14] Before the administrative law judge posed a series of hypothetical

---

[12]    *See* Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, Westlaw op. at 4 (Dec. 4, 2000).

[13]    *See* Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, Westlaw op. at 2 (Dec. 4, 2000) ("When there is an apparent unresolved conflict between [vocational expert] or [vocational specialist] evidence and the [Dictionary of Occupational Titles], the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] or [vocational specialist] evidence to support a determination or decision about whether the claimant is disabled.").

[14]    Social Security Reply Brief at p. 1 (Feb. 6, 2012) ("We do not even contend that the [administrative law judge] failed to comply with his duty to inquire." (citation omitted)).

questions, he instructed the vocational expert to identify any conflicts between her answers and the Dictionary of Occupational Titles.[15]  The Seventh Circuit Court of Appeals has held that this sort of instruction satisfies the duty of inquiry,[16] and the Tenth Circuit Court of Appeals has never addressed the issue.  But the Tenth Circuit's silence on the issue is immaterial because the Plaintiff expressly disavows any claim relating to inadequacy of the inquiry.[17]  Instead, the Plaintiff argues that conflicts did exist and that the administrative law judge failed to obtain an explanation.

This claim involves the administrative law judge's second duty.  As noted above, that duty is triggered by the existence of an "apparent" conflict between the vocational testimony and the Dictionary of Occupational Titles.[18]  "A conflict is apparent if it is 'so obvious that the [administrative law judge] should have picked up on [it] without any assistance.'"[19]

Although the vocational expert was told to identify conflicts with the Dictionary of Occupational Titles,[20] she did not mention any.  And no conflicts would have been apparent

---

[15]   Record at p. 44.

[16]   *Weatherbee v. Astrue*, 649 F.3d 565, 567, 570 (7th Cir. 2011).

[17]   *See supra* p. 3 & note 14.

[18]   *See supra* p. 3 & note 13; *see also Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (*per curiam*) ("to the extent that there was a conflict, SSR 00-4p requires the [administrative law judge] to obtain an explanation only when the conflict between the [Dictionary of Occupational Titles] and the [vocational expert's] testimony is 'apparent'" (citation omitted)).

[19]   *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011) (citation omitted).

[20]   *See supra* pp. 3-4.

4

to the administrative law judge even if he had searched beyond the vocational expert's silence on the subject.[21]

The expert testified about the availability of jobs when a claimant could only communicate verbally in a quiet environment.[22] But, the administrative law judge never said whether one would need to engage in verbal communication as an assembler, machine tender operator, or bench table laborer.

The Defendant points out that according to the Dictionary of Occupational Titles, none of these jobs require the ability to "hear."[23] And the administrative law judge expressly tied the limit on verbal communication to Mr. Hernandez's difficulty in hearing.[24] Mr. Hernandez might have been able to engage in the three jobs because they did not require verbal communication.

Of course, another inference is also possible. Mr. Hernandez might have been unable to engage in these occupations — and the vocational expert might have mistakenly

---

[21] *See Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (*per curiam*) ("Because [the claimant] did not identify any conflict at the hearing [between the Dictionary of Occupational Titles and the vocational expert's testimony], she would have to show that the conflict was 'obvious enough that the [administrative law judge] should have picked up on [it] without any assistance.'" (citation omitted)).

[22] *See* Record at pp. 46-47.

[23] *See* Dictionary of Occupational Titles 734.687-018 (assembler — "Hearing: Not Present - Activity or condition does not exist"), 713.684-038 (eyeglass frames polisher — "Hearing: Not Present - Activity or condition does not exist"), 734.687-034 (buckle-wire inserter — "Hearing: Not Present - Activity or condition does not exist"), 689.585-018 (stringing-machine tender — "Hearing: Not Present - Activity or condition does not exist") (4th rev. ed. 1991).

[24] *See supra* p. 2 & note 8.

contradicted the Dictionary of Occupational Titles — if verbal communication had been required as an assembler, machine tender operator, or bench table laborer.  One does not know and cannot make that determination from the present record.  And, if one cannot know that from the record, a conflict between the Dictionary of Occupational Titles and the vocational testimony would not have been apparent to the administrative law judge.

The Plaintiff argues that under Social Security Ruling 96-9p, the ability to hear is required in all unskilled work.  But this ruling, in itself, would not create an "apparent" conflict between the Dictionary of Occupational Titles and the vocational testimony.

The ruling is not based on the Dictionary of Occupational Titles and does not suggest a need for verbal communication in the jobs as an assembler, machine tender operator, or bench table laborer.  Social Security Ruling 96-9p provides an explanation of administrative "policies regarding the impact of a residual functional capacity . . . assessment for less than a full range of sedentary work on an individual's ability to do other work."[25]  This statement of policy is not based on the Dictionary of Occupational Titles and never even mentions the document.  Thus, even if the testimony had conflicted with the social security ruling, the administrative law judge would have had no reason to suspect a discrepancy between the vocational expert's opinion and the Dictionary of Occupational Titles.

---

[25]   Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 1 (July 2, 1996).

The social security ruling is also silent on the need for verbal communication in the jobs as an assembler, machine tender operator, or bench table laborer. Social Security Ruling 96-9p simply states that one can have the necessary communicative ability for unskilled work if he has the ability "to communicate simple information."[26] That communication can be oral or written,[27] and the social security ruling does not contain any language suggesting that verbal communication is necessary in every unskilled job. Indeed, as discussed above, the Dictionary of Occupational Titles does not even require the ability to hear in the jobs involving assembly, machine tender operation, or bench table labor.[28] Thus, Social Security Ruling 96-9p does not create an apparent conflict between the Dictionary of Occupational Titles and the vocational testimony on the ability to work as an assembler, machine tender operator, or bench table laborer.

There is no apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles on the limitation involving verbal communication. As discussed earlier, Mr. Hernandez might have been able to work as an assembler, machine tender operator, or bench table laborer — despite the noisy environments in such work —

---

[26]  Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 8 (July 2, 1996).

[27]  *See* Black's Law Dictionary 273 (7th ed. 1999) (defining "communication" as "[t]he expression or exchange of information by speech, writing, or gestures").

[28]  *See supra* p. 5 & note 23.

because he would not have needed to engage in verbal communication.[29]  With that possibility, a conflict between the Dictionary of Occupational Titles and vocational testimony would not have been apparent to the administrative law judge. In these circumstances, the judge would have had no duty to obtain an explanation for the purported conflict.[30]

Precision of the Questioning
of the Vocational Expert

The Plaintiff argues in the alternative that the administrative law judge was not sufficiently precise when he questioned the vocational expert. This argument is unconvincing.

Mr. Hernandez is correct when he says that the administrative law judge can only rely on vocational testimony about hypothetical impairments when the claimant's actual restrictions are included with precision.[31] The judge questioned the expert about an ability to engage in verbal communication only when the claimant's work environment was "quiet."[32] The appendices to the Dictionary of Occupational Titles define "quiet" as the level of noise in a library, many private offices, a funeral reception, golf course, or art museum.[33]

---

[29]   *See supra* p. 5.

[30]   *See supra* p. 3.

[31]   *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

[32]   Record at p. 47.

[33]   Appendix D, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (1993 ed.).

The vocational expert was presumably aware of the Dictionary's definition of the term "quiet."[34]

The Plaintiff's contrary inference is based on a misreading of the vocational expert's testimony. According to the Plaintiff, the vocational expert "obvious[ly]" had a contrary definition of the term "quiet" because she relied on jobs that were "clearly not performed in a quiet, library-type setting."[35] This argument begins with a faulty premise — that the vocational expert regarded work as an assembler, machine tender operator, or bench and table laborer as "quiet." The vocational expert did not say that. Instead, she said that these jobs would have been available to someone with Mr. Hernandez's physical restrictions and an ability to engage in verbal communication only when the workplace was quiet.[36] The expert never said that verbal communication would have been required in these jobs or implied that the work environment would have been quiet.[37]

The Plaintiff's faulty premise leads to a faulty inference — that the administrative law judge failed to describe the physical limitation with sufficient "precision" because he used the word "quiet" in the hearing without telling the vocational expert what the word meant in the Dictionary of Occupational Titles. The expert presumably understood what the term

---

[34] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony.").

[35] Social Security Opening Brief at p. 14 (Oct. 31, 2011).

[36] *See supra* p. 2.

[37] *See supra* p. 5.

9

meant in the Dictionary of Occupational Titles, and the Court should decline to disturb the administrative decision based on a contrary assumption.

## Notice of the Right to Object

The Plaintiff can object to this report by filing an objection with the Clerk of this Court by July 26, 2012.[38] The failure to timely object would foreclose appellate review of the recommended ruling.[39]

## Status of the Referral

The referral has been discharged.

Entered this 9th day of July, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[38] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).

[39] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).